IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHANNON MAYO,** | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:04-CV-2272 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **THE CITY OF YORK, PA;** | : | |
| **JOHN VEATER; CLAY STEVENS;** | : | |
| **NICK HANSEL; BART SEELIG;** | : | |
| **and SHAWN ROSIER,** | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM ORDER**

Pending before the Court is Defendants' motion pursuant to Rule 42(b) of the Federal Rules of Civil Procedure requesting that the Court conduct the jury trial in the above-captioned action in three separate phases.[1] Specifically, Defendants have requested that the Court first conduct a jury trial on Plaintiff's claims that the Defendants' seizure of his person violated the Fourth Amendment. [During this trial, Defendants would have the Court preclude the jury from learning that summary judgment against Defendants Veater and Stevens has already been granted in Plaintiff's favor on the issue of the seizure of guns and ammunition from Plaintiff's home, and to preclude any testimony relating to Plaintiff's alleged damages that resulted from such seizure.] Next, Defendants would have the Court conduct a second trial on Plaintiff's claims for municipal liability against the City of York, arguing that if this claim is tried with Plaintiff's claims against the individual officers, and if a jury is permitted to hear evidence of a

---

[1] Defendants have styled their motion as a motion to "bifurcate" the trial, but in their reply brief they make clear that they are actually requesting that the Court conduct three separate trials.

pattern of conduct that Plaintiff might present to prove a claim for municipal liability, the individual Defendants would be prejudiced. Finally, Defendants would have the Court convene a third trial relating exclusively to damages.

Plaintiff opposes the motion to trifurcate the proceedings, arguing that separation of trials in such manner is unwarranted and that Defendants' claims of potential prejudice are speculative. Moreover, Plaintiff maintains that he expects to present limited evidence regarding a pattern of conduct that he contends exposes the City to municipal liability his damages and regarding his damages claim, rendering Defendants' asserted risk of prejudice especially remote. Additionally, Plaintiff asserts that any potential prejudice to Defendants from trying all issues in a single proceeding could be obviated through instructions to the jury.

Rule 42(b) of the Federal Rules of Civil Procedure provides as follows:

> **(b) Separate Trials.** The Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, issue or any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b). A district court has broad discretion in determining whether bifurcation is appropriate in a particular case. Idzojtic v. Pennsylvania R.R. Co., 456 F.2d 1228, 1230 (3d Cir. 1971); see also Lis v. Robert Packer Hosp., 579 F.2d 819, 824 (3d Cir. 1978) ("[T]he decision to bifurcate vel non is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance."). The party seeking bifurcation has the burden of proving that separation is necessary "in light of the general principle that a single trial tends to lessen delay, expense and inconvenience to all parties." Carter v. City of Philadelphia,

No. 97-4499, 2000 U.S. Dist. LEXIS 13829, *2-3 (E.D. Pa. 2000) (quoting McCrae v. Pittsburgh Corning Corp., 97 F.R.D. 490, 492 (E.D. Pa. 1983)).  Factors that may be relevant to a court's determination of whether to bifurcate a particular case include whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case.  Union Carbide Corp. v. Montell N.V., 28 F. Supp. 2d 833, 837 (S.D.N.Y. 1998).  "In deciding whether one trial or separate trials will best serve [the foregoing factors] . . . the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation."  In re Innotron Diagnostics, 800 F.2d 1077, 1084 (Fed. Cir. 1986).  Notwithstanding a district court's broad discretion, the Third Circuit has cautioned that it has "condemned the district court's practice of bifurcating trials as a general rule."  Barr Labs., Inc. v. Abbott Labs., 978 F.2d 98, 115 (3d Cir. 1992).

     Upon consideration of Defendants' motion, the Court does not find that trifurcation of this action is necessary or appropriate.  Defendants' general claims regarding the potential prejudice to the individual Defendants in the absence of trifurcation are speculative and would appear capable of being mitigated through cautionary instructions, to the extent they are found at trial to be necessary.  In addition to finding that Defendants have failed to persuade the Court that trifurcation is necessary to avoid prejudice, the Court finds the potential risk of prejudice that Plaintiff could face if he were forced to try this relatively straightforward civil rights action in three separate stages further militates in favor of denying Defendants' motion.  Defendants have similarly not persuaded the Court that trifurcation would aid in judicial efficiency or juror

comprehension of the issues in this case; to the contrary, convening three separate trials of this case would create unnecessary inefficiency with no clear benefit to the parties or the Court.[2]

**WHEREFORE**, this 25th day of April 2007, **IT IS HEREBY ORDERED THAT** Defendants' motion to trifurcate trial (Doc. No. 102) is **DENIED**.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] Although Defendants vaguely suggest that by denying the motion the Court will "unnecessarily create[]" "numerous appellate issues," the Court does not find this minimal risk to be relevant to a determination of whether trifurcation is, in fact, warranted in light of the issues to be tried in this case. (Doc. No. 103, at 8.) The possibility that a party will appeal a ruling of this Court attends nearly every ruling the Court makes and does not bear upon the Court's evaluation of the merits of a particular motion.